2011-70-05 Gerard Cullen v. Secretary of Veterans Affairs Mr. Stolz Good morning, Your Honors, and may it please the Court. The Veterans Court held that a veteran entitled to one disability rating for a single disability within a single diagnostic code. It erred in applying that holding to this case because Mr. Cullen is entitled to consideration of two ratings for his two distinct disabilities. Let me ask, just to be clear, I want to talk about the two ratings. What your client is seeking is, under the diagnostic code, he's already gotten 20%, right? And he's seeking an addition, or he's seeking a 40%. And what he's claiming that at the end of the day, if he gets the 40%, he's already established he's eligible for the 20%, he should get both of those. Is that what's going on? Essentially, yes. That is what we're going to – and the Court doesn't necessarily need to reach that because that is what we're going to argue below at the Board of Veterans Appeals. So what could we reach here, the theoretical question? He hasn't – nobody has found yet that he's entitled to the 40%. What you're asking us in terms of opining on a legal issue, which I think I understand on the sort of double-dipping kind of thing, that's – why is that right for review here given that we don't know if he's ever going to be eligible for the 40% in any event? Because regardless, because of the muscle spasm, the 40% is certainly what we argued at the Court of Appeals for Veterans Claims. However, he's in receipt of a 20%, as Your Honor rightly pointed out. But even on remand, on the Court's remand, the Court has foreclosed even if he is not – if the Board finds that he is not entitled to the 40%, he is still entitled to the 20% based on limitation. He would also be entitled to a 20% based on muscle spasm because those are written in the disjunctive and it's not pyramiding. He has a muscle spasm injury, which is a disability. I'm sorry. He has a shell fragment wound disability. Okay. So you've got two arguments eventually. You've got either he should get the 20 plus the 40 or he should get 20 plus 20. That's correct. Now, you concede in your opening brief that remand will not moot your claims. Your opponent hits you pretty hard in the red brief. You don't even answer that in reply. Doesn't that kill you under Williams v. Principi? It was some inartful wording in the opening brief. What we were saying in the opening brief is that this – is that below, the remand proceedings are not going to moot what the Court did. It was an inartful phrasing of Williams. And will it moot our ability to ever address the issue? Isn't that really the point? The federal – this Court, I believe, is not going to be able to address this issue in this case because the Veterans Court has already precluded it from ever even happening below. It's never – he's never going to be entitled to these two disability ratings because the Court of Appeals for Veterans Claims in its holding – He's not going to be entitled – the board may never say he's entitled. Have they tied our hands in being able to say that he's entitled to the 20 percent? We would have to come back and litigate all the way through to the Court of Appeals for Veterans Claims. But that's not – and if the court finds that – But you're going to have to litigate all the way through anyway. You're going back to determine the 40 percent. Nobody is going to decide anything in terms of what – you're not even – don't know what you're going to argue because nobody has decided what categories you fall under. But somebody has decided. The Court of Appeals for Veterans Claims has decided. Unless this court is reading the Court of Appeals for Veterans Claims decision to still leave open the possibility for two different ratings for two different disabilities below. No. Let's assume we're not. Let's assume they've decided it. Why would we not be able to revisit that issue, decide it, do what we do in terms of reviewing what they've done when the case comes back? There's still a live case. It's determining whether he's got a 20 percent, whether he's got a 40 percent. Why aren't we going to be able to a year from now or two years from now decide if you're still arguing that he should get two 20s or a 20 and a 40? Are you saying that we won't be able to revisit what the Court of Veterans Claims has? I think that the Williams criteria, because of the rule of law announced by the Court of Appeals for Veterans Claims, what's going to – as a practical matter what would happen at the Board of Veterans Appeals when this got back there is we would raise that. The board would reject it out of hand saying that the Court of Appeals for Veterans Claims has ruled on this. This is the rule of law, assuming that they even address it, assuming the Board of Veterans Appeals even addresses it. If the Board of Veterans Appeals does address it and does say that the Court of Appeals for Veterans Claims has decided the issue and he cannot possibly get two disability ratings for two disabilities. Why does it matter whether they address it? It's a question of whether you've preserved your right on appeal to argue it. You can argue it to the board. You can argue it to the Court of Claims. I don't disagree that the result on this legal question is probably preordained, but then you get up here, which is what we're talking about, our ability to review it. Or it's going to – in another way to think about it. We will have the ability two years from now. Let's assume they give you the 40. So you're going to be arguing with them, well, okay, we get the 40 plus you ought to give us the 20. And they'll say no and the Court of Veterans Claims will say no, no double dipping here, and then you'll be up here and you'll be making this legal argument that yes, double dipping is okay. Or they can make a factual determination, which this court may lack review on. If you read the Court of Appeals for Veterans Claims decision all the way through, it does appear. I don't know that it's necessarily – They may make a factual determination in what regard. If the Board of Veterans Appeals would say these are symptoms, for example, and symptoms can't be rated separately under this, then we'd have to come up under a different legal theory. We would have to say symptoms should be separately rated as long as they are not subject to pyramiding as opposed to disabilities, which is what we're arguing today. I suppose that would be one thing that they could do. But we're going to have to decide whether it's now or two years from now what category this falls into in terms of symptoms or disabilities and what the rule of law is in applying the statute, right? That's going to be the same question whether we do it today or whether we do it – If this court finds that the question below is preserved, that we can raise whether Mr. Cullen is entitled to two separate disability ratings for two separate disabilities, if the court agrees – I'm sorry, if the court finds – But the question – as a practical matter, the question may be different. So why should – we might opine now if we did it on 40 versus 20. And then when the case comes back up, we really would have decided a question that's irrelevant because if you only get 20 and you don't win on your challenge to 20, then you've just told us you're going to come in and raise two ratings under the 20 plus 20, not on the 20 plus 40, right? So what we would have said on the 20 plus 40 would be irrelevant. It would be an advisory opinion that never has any light. Actually, all we're arguing for, Your Honor, is for consideration of a 20 and a 20 or a 20 and a 40. We're arguing that the board should consider it. Right now they can't even consider this because the rule of law from the court of – and I've been imprecise in answering Your Honor's questions. The rule of law as enunciated so far by the Court of Appeals for Veterans Claims is going to prohibit us from raising that below as a consideration because all we can argue to the board is that he should be – at the board we can argue two things. He should be considered to be entitled to two separate ratings and there are factual arguments that he meets the criteria and whatnot. As of right now, he's precluded because the rule of law announced by the Veterans Court from even consideration of those two. So what you're saying is that the remand process could be a waste of time if ultimately we change the rule of law that they're to apply to their remand consideration. I mean the remand process is – waste of time is harsh. It's not going to be a waste of time because they've got – aren't you still raising the 40% that the 20% was – Consideration too. They're not going to – as a practical matter now, if I'm reading the Court of Appeals for Veterans Claims decision correctly and they are prohibiting this, the board is never – maybe waste of time is the right way to put it. The board is never even going to consider this. It's never going to – But you want them – somebody's got to figure out whether or not he's entitled to the 40%. Even right now, he's entitled to the 20. Yeah, and the 20 is different than 40. You're right. But aren't you seeking to raise this to 40? Doesn't somebody have to adjudicate that? We're seeking ultimately just on this – I mean putting aside his other disabilities. If we were to theoretically – and I know the court can't get into this. Theoretically, if we were to – if this court would find what we're saying and overturn the Court of Appeals for Veterans Claims, that he is not entitled to two disability ratings for two different disabilities. If the court were to find that, then down below we would argue for a 40 because of the remand order in the Court of Appeals for Veterans Claims decision. And then theoretically, we're never going to get the 20, ever, the extra 20 for the spasms. The spasms is what's going to be off the table. We'll never get it because the Court of Appeals for Veterans Claims has said you can't even consider it. There's going to be no consideration of that. Right. Right. So the real – you're not going to get it on remand. No way. No way. But the question is, does the – you going through the exercise below and then coming up here later to appeal both that determination on remand as well as this issue, would that still be viable? And that's the whole point that I started with where you conceded that it doesn't move the issue. It doesn't move the – and again, I apologize for the phrasing in the brief. It doesn't move the issue of whether or not he's going to be entitled to the 40%. Clearly, that's still on the board. The question of law is the Court of Appeals for Veterans Claims has cut off a legal avenue for increased compensation. No, not before us. It doesn't move the issue when it comes back up, right? You're not saying that he will be precluded from making the legal argument that he ought to get – Well, I argue. I mean, the government says that he won't be precluded from raising it. I understand that. I want to protect my client. So you want us to say that you won't be precluded from raising it. It would be nice. I don't know that you can do that, but it would be nice because I want to protect Mr. Cullen's interests here. And as it reads to me right now, and I practice in this area, and so back at the Board of Veterans' Appeals, as a practical matter, they're not even going to entertain it. We're going to go and we're going to say he's entitled to the 40 for the reasons articulated in the remand. And we're going to make our Lichtenfelds and DeLuca argument and all that. And we're going to get him a – and hopefully, hopefully we'll get him a 40%. Then we're going to say he should also be entitled to an extra 20% because he has a separate disability, the muscle spasms. And they're going to say it's under the same diagnostic code. The Court of Appeals for Veterans Claims has already called this one disability. They've already said it's under one diagnostic code. Therefore, do not pass go. Do not collect $200. We're not even going to consider it. And they're going to cite colon B. The question is when you come back up here, are you not going to be able to make that argument here, the argument that you're making today, which is you ought to be able to consider both. I mean they're going to – the Court of Appeals for Veterans Claims is going to say this is – I'm talking about here. When you come back here, if they – I do think it's pretty preordained what they're going to say unless you come up with a new argument. But when you come up here, you're going to be precluded from raising the illegal argument. I want to answer this. May I answer this in a long way? As a practical matter, what's going to happen, in my opinion, is the Court of – we're going to say that. The Board is going to tank it immediately. They're not even going to address it because nobody has even said he's entitled to consideration of this theory. So the theory may or may not be addressed. And so then it's going to come to the Court of Appeals for Veterans Claims and they're going to say colon B. Shinseki, you're out. And they're going to give us a real fast maybe a memorandum decision. Probably it's going to be two lines. And then we can appeal at that point two years down the road for Mr. Cullen for something that we all know was going to happen. We can appeal and say the Court of Appeals for Veterans Claims was wrong in its rule of law in colon B. Shinseki, whatever, 08-1193. And then we've spent two years getting back to the same legal question. And the legal issue is already before us. What you've done is something you're going to have to do anyway. You want to make the argument below with respect to what you're entitled. Right now you're only entitled to 20%. Right. The Court of Veterans Claims, you've prevailed to a certain extent before the Court of Veterans Claims because you got a remand and they said board, examiner, go back and check this out. Maybe you will be entitled to 40% and maybe you won't. But that issue, you're not going to drop that. You're not conceding, okay, forget the 40%. We'll just go on a 20 plus 20 theory. Right? So that has to be done. That's not a waste of time by any means or a wasted process. We're going to have to go through that process. We don't have the authority to give you the 40%. Absolutely. So there's no doubt no matter what you're saying, this case is going to have to go back to the board and the board is going to have to decide the 40% issue. But, yes, Your Honor. This case will not be over even if we take it up. You'll still have to spend your several years going back. Yes, Your Honor. They will have to consider the 40%. That's what the remand order says. And that's what you want them to do and that's a proceeding that will take place. That's not all I want them to do, Your Honor. That's not all I want them to do. I want them to consider the 40%. I understand that, but you want them to do that. They have to do that. Absolutely they have to do that. But in fairness, our case law, it isn't focused on what's the most efficient way to let you go through this process. It interprets very narrowly what could possibly be mooted. And, you know, barring a claim that they had no authority to remand any portion of your argument, you really don't have a case where at least this court has regularly said it's appropriate to exercise jurisdiction. I mean, even if you could argue that we have jurisdiction, our case law says that we should refrain from exercising it when there's still live controversy before the board. Your Honor, absolutely. I want to clarify a point, though, that can perhaps help the court see this our way. And if this happens and we have to spend two more years on this, I understand the court's limited jurisdiction, obviously. We have to spend two more years on it. Or however long. It'll be two. Yeah, but you have to go through that process. You want to go through that process. You haven't prevailed on your argument that you need to go through that process. Your Honor, I feel like I've been less than clear. On remand, the Board of Veterans' Appeals absolutely must consider an increased rating from 20 to 40. That's on the theory of limitation of motion. As of right now, the Board of Veterans' Appeals is prohibited from considering the 20% based on the muscle spasm. So we're not looking for a 40% rating. If he got a—we are to some extent—but if he got a 40 and this court said that the Court of Appeals for Veterans' Claims was wrong and then he could be for consideration to the 20, he would have a 40 and a 20, which in VA math is a 50. So it's a little bit different than just asking for a 40. And I want to be perfectly clear about that. If the court decides that we didn't meet the jurisdictional requirements, I don't want to run the risk that Mr. Cullen below can't even raise and this court won't entertain the legal theory that he's entitled to the 40 plus the 20 or the 20 plus the 20 because a 40 plus a 20 gets him 50. We're not just seeking below consideration of 40. We're ultimately seeking consideration of 50. It's a big difference. Just as a practical matter, what does 20 plus 20 yield? I've got it. I think 20 plus 20 may be 40, but it might also be 30. I could look. I've got the rating table with me. I just don't have it open. I always have to open that table to do VA math. Okay. We'll save you rebuttal time, Mr. Jones. Thank you, Your Honors. Ms. Kershaw. May it please the court, the court should dismiss the appeal because Mr. Cullen's case does not meet the third prong of the Williams test for appeal of a veteran's court remand order. Let me just ask you. I mean, it seems to me I'm sympathetic to Mr. Cullen because nobody wants to be held responsible for waiving an argument. So are we all clear that when he goes back, the board does whatever it's going to do on this 40% question? Is it clear that the government thinks that he will have preserved the right to raise the legal question the Court of Veterans Claims has just addressed? I think that that goes to what happens on remand. If he acts appropriately on remand and he raises all the arguments that he wishes to raise before the court. Even though we know it's probably pretty pro forma as to what the board and the veterans court is going to do. But as long as he raises those issues. If he properly raises all of his arguments, then those arguments are preserved for the court. So really it depends upon what happens on remand. There's been a lot of talk about what's going to happen on remand. When you say depend upon what happens on remand, you mean entirely in his control, not depending on what the board rules. Yes, it is within Mr. Cullen's control. There's no way the board could move his issue. No, there is no way the board can move it. And he has to do whatever, just basically he does to preserve this argument. Notwithstanding, as Judge O'Malley said, what the board or veterans court or whatever, whatever action they take with respect to the argument. Yes, so long as he preserves his arguments, as long as he makes his arguments to the board and to the veterans court, then he can come and present them here to your honors. So you're saying that he is not bound by the position of the veterans court with respect to the separate rating for the spasm? That's correct. It's not. It's law of the case in the sense that the veterans court, in all likelihood, if the issue is… It's the law of the case, but it's not binding? Is that what you're saying? Law of the case, but not binding certainly on this court. This court, when it comes up properly on a review of a final judgment, this court, if the issue has been argued consistently by Mr. Collins, this court can undertake to interpret the regulation and apply it on review of a final judgment. So you're saying that we should then, assuming that the veteran is still alive a few years from now, we can then take up whether or not, in fact, he should have been entitled to argue the separate entitlement for a rating that included the spasm. What the court takes up is the proper interpretation of the regulation. And then assuming… On review of a final judgment. Assuming we agree with him. Say it's two years from now and we agree with him. Then he's got to go back to the board again? Well, he's going back to the board now. Right. But we're told that the board isn't going to consider this argument because the law of the case is that they cannot consider it. Well, that's why I wanted to go to what will happen on remand. On remand, the instructions are very specific. The Veterans Court has ordered that there be a more specific statement from the medical examiner as to exactly what symptoms he exhibits. Or another examination and then more specific findings from the medical examiner, again, as to his symptoms. And it has also directed the board to give a more specific statement of reasons as to what rating he should have. So you'll have then a better statement as to the basis of reasons for him having either a 20% or a 40%. Let me give you an example, though. What if the board goes down and says, well, he's not a 40% and we find him 20% because of one set of symptoms? And therefore, given the court's ruling, we don't have to consider the other set of symptoms because once you get a 20, you can't get another 20. You can't lump two together. So then there's a whole piece that the board will not do on remand and that we get it and we're going to have to send him back down. Well, I really don't think that that will be the case. The board is going to, after you have the more specific statement of findings of the medical evidence from the medical examiner, the board will examine that and determine what symptoms he has and where it falls under the rating table, whether it falls under a 40% or a 20%. Then that goes to the Veterans Court of Appeals. And there, if he wishes, he can argue that a factual finding is clearly erroneous and that he can also argue that the regulation has been improperly interpreted against him. And then he would have a final, if the case is decided against him, he then could appeal to this court and present the issue of interpretation of the regulation. And at that point, it would be appropriate for this court to entertain his arguments. But I don't know, I appreciate all of that, but I think Judge O'Malley started by asking, when that happens two years from now, whichever way we go, can't we either say, yes, you can do both, or no, you can't? On what basis would we ever have to send it back? I mean, I think her concern, the concern was, is this going to have to go through another round once we decide the legal issue? And I'm wondering what your view is of that. Well, hypothetically, if the court decided that then he was entitled to two separate ratings, that would go back to the Veterans Court and then it would go back to the board and the remand would be acted upon. If the court directed that there be two separate ratings, then the board could then give two separate ratings. So there's a clear question of interpretation, of statutory or regulatory interpretation, which is within this court's jurisdiction, which would have a direct effect on the ensuing proceedings in terms of saving several additional years of review by the board or perhaps also the regional office. Isn't the appropriate thing to do to resolve the statutory regulatory issue that is a live issue because it affects the proceedings that continue? Well, as Your Honor pointed out, the question isn't whether or not it's efficient. There are three prongs to the Williams test and we concede that the first two are met, but the third is not. Here there is not a substantial risk that the issue would be eliminated on remand. Rather, in this case, if it was remanded and then proceeded to a final judgment, and if the final judgment was against Mr. Cullen, then the issue could be properly raised to this court. So therefore the third prong of the Williams test has not been met. But if we decide the legal issue here, that doesn't obviate the need to go back for several years and have the board do whatever it's going to do. That issue is still alive. So he's not going to get any money or anything, any final decision beyond the 20% that he's already gotten until that remand occurs, irrespective of whether we decide this now or later, right? That's correct, and that's why we would view this as... If the court undertook review at this point, it would be an advisory opinion with no real effect on his rights because there hasn't been any decision that he's entitled to a 40% rating. The Veterans Court, specifically at page 16 of its decision, abstained from making that decision and remanded that decision to the board to be addressed. I did want to just briefly mention that there is another case that we alerted the court to as being a related case, an appeal brought by Mr. John McDonald. And Mr. John McDonald is raising the very same legal issue that Mr. Cullen is raising in this case. And that case does involve a final order of the Veterans Court. There is no remand, and Mr. McDonald already has a 40% rating for his thoracic spine. So we don't know of any reason why the court could not address the interpretation of the regulation in Mr. McDonald's case. And what's the status of that case? That case, the briefing in that case, at Mr. McDonald's request, the briefing was stayed, waiting the court's decision in this case. But again, as I said, it appears to us that the issue is raised in that case as to the proper interpretation of the regulation. And we know of no reason why the court could not address it in Mr. McDonald's case. In other words, you're saying, well, this is all going to be resolved in time, so it's going to... Yes, speedily, and I would hope, Your Honor, in less than two years. If the court were to address the interpretation of the regulation, we believe that that is thoroughly laid out as to the reasonableness of the Veterans Administration's interpretation of the regulation in the Veterans Court's opinion. I did want to just basically touch on a few points here. First of all, the Veterans Court's decision is based on the factual finding that he has only one disability, not two disabilities. And I think all the briefing that's before this court and before the Veterans Court has proceeded on the basis that there is only one disability, not two. But that's a different question, isn't it? The premise that we're being asked to resolve is if indeed they are separate disabilities, both service-connected but sufficiently separate, which I agree would be a question of fact. But assuming that the separation is decided, is a separate rating nonetheless precluded? Your Honor, my point is only this, that in the briefs, even the briefs to this court, Mr. Cullen has not conceptualized it or argued that he had two separate disabilities. What the record shows here is the medical evidence shows only one disability. Well, he might lose on the facts. If he's going to try to frame it as two disabilities, he may very well lose on that aspect on remand. The whole case has been litigated at every stage as the medical evidence showing only one disability. That disability falls within a specific diagnostic code and it is a limitation of movement, degenerative joint disease of the thoracic spine. That I agree is not subject matter that we can review. The question is on the assumption or the probability or even possibility that sufficient separateness is established, nonetheless is the separate rating precluded? Well, that would be a change in the way the case has been litigated, Your Honor, because prior to this argument today, it's been litigated on the basis of only one disability. But the question is how do you define disability? Yes, and there is a specific regulation from the Veterans Administration, 38 CFR 4.40, which deals with the definition of disability and says that it's basically an inability to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. And that's how disability has been defined and that regulation itself was addressed by this court in the Reed case. But I just wanted to point out that this is a change in the way the case has been litigated and I think also a misinterpretation of the veterans' courts' very holding in this case. Their holding is for the circumstance where there is only one disability rated under one diagnostic code, you get only one rating. That's what they held. And if the court has no further questions. Okay. Thank you, Ms. Kirshen. If I may first clear up a bit of a possible misconception, a couple of misconceptions. First of all, with the last point. Mr. Colon has before the veterans' court and has in his briefing talked about how he has a muscle spasm and he has limitation of motions. Those are two distinct and different disabilities. Those are what we're asking for is a rule of law stipulating that when a diagnostic code is written in the disjunctive, each disability is entitled to consideration of separate ratings. To answer your question, Judge O'Malley, what's going to happen with this case if this court declines jurisdiction, it's going to go back to the Court of Appeals for Veterans' Claims. The Court of Appeals for Veterans' Claims is going to send it back to the board. The problem is going to be that Mr. Colon is going to be able to, under the Court of Appeals for Veterans' Claims, he can now raise whether or not he's entitled to the 40% for limitation of motion. He cannot raise whether he is entitled to the extra 20% for the muscle spasm because the Court of Appeals for Veterans' Claims, in its order, has prohibited that as a theory of entitlement. So we can raise it. The board is going to get mad at us. Then the Court of Appeals for Veterans' Claims is going to get mad at us because they're going to say, we have answered this question of law. And at that point, yes, we can come back up to the federal circuit and ask for consideration of that again. But there's no guarantee to Mr. Colon that you're going to have, that this court will have jurisdiction at that point because he has been prohibited from raising that theory below. So notwithstanding what the government has represented here in all of our questions and our interpretation of Williams, you're saying, and your concession in your briefs, as Judge O'Malley pointed out about mootness, you're saying it may well be moot if you don't get a decision now? If this court and if the government, if I understand the government's concession correctly, no matter what happens today, no matter what happens today, this is going to go back for consideration of our theory of separate disabilities being rated separately and then combined under 4.25. If that is the case, then that is all we can really hope for, that the Board of Veterans' Appeals will be able to at least entertain our legal theory, absolutely. No, the question is what we will be able to entertain, whether it will be mooted here. The question will be mooted before us ultimately. And the answer based on their representations is no, it will not be. Do you take issue with that? I do not. All right. Any more questions? Any more questions? Okay. Thank you. Thank you, Mr. Stelz and Ms. Cushing. The case is taken under submission.